**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| ANN D. YANG, Ph.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:26-cv-1954 (MSN/WEF) |
| | ) | |
| JOHN RATCLIFFE, Director of the Central Intelligence Agency, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant, Director Ratcliffe, in his official capacity, respectfully submits this reply memorandum of law in support of his motion to dismiss the Complaint in the above-captioned action pursuant to Rule 12(b)(6).

## INTRODUCTION

On October 15, 2026, Defendant filed a motion to dismiss Plaintiff's Complaint, Dkt. 25, arguing Plaintiff's complaint includes time-barred claims, makes claims not cognizable under Title VII, fails to plead all required elements for retaliation, lacks factual allegations plausibly suggesting employment decisions were based on Plaintiff's race or national origin, and fails to set forth sufficient facts to meet the standard for a hostile work environment, *see generally* Dkt. 26. In short, Plaintiff simply does not provide facts sufficient to move her claims across the line from conceivable to plausible. Instead, Plaintiff repeatedly asserts her legal conclusions as if they were evidence of discrimination and retaliation, a tactic which cannot save her claims.

On October 17, 2026, Plaintiff filed her Opposition, conceding that her grievances with the Equal Employment Opportunity (EEO) proceedings were not pled as a claim, arguing that her

hostile work environment claim was not time-barred, and asserting that she had pleaded all required elements of her retaliation claim, sufficient facts demonstrating a hostile work environment, and sufficient facts suggesting the employment decisions in question were motivated by race or national origin. Dkt. 29 at 2–3. In support of these arguments, Plaintiff rehashed the same insufficient facts pleaded in her Complaint, referenced new facts and claims not stated in her Complaint, and again misconstrued and misapplied legal precedents. For the reasons stated below, and those in Defendant's opening memorandum, Dkt. 26, the Court should dismiss the Complaint in full.

## ARGUMENT

### I. PLAINTIFF CONCEDES HER GRIEVANCES WITH THE EEO PROCEEDINGS DO NOT CONSTITUTE A CLAIM.

Plaintiff's Opposition states "Title VII does not create a cause of action for the mishandling of an EEO complaint. The Complaint pleads none." Dkt. 29 at 16. Defendant agrees—no claim for alleged wrong done in the proceedings was sufficiently pleaded. Insofar as Plaintiff's grievances with her EEO proceedings are used as factual evidence supporting her claims, the claims remain insufficiently pleaded.

### II. PLAINTIFF PRESENTED FACTS AND CLAIMS NOT STATED IN HER COMPLAINT, WHICH MAY NOT BE CONSIDERED WHEN RESOLVING THIS MOTION.

Plaintiff's Opposition makes legal claims not stated in her Complaint. It also references factual allegations not stated in her Complaint. Neither may be considered when resolving this motion; "[i]t is well-established that parties cannot amend their complaints through briefing." *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC* ("*Broadlands*"), 713 F.3d 175, 184 (4th Cir. 2013).

#### A. Arguments not stated in the Complaint may not be considered here.

Plaintiff's Opposition claims the Agency erred by departing from its own procedures. *See* Dkt. 29 at 14, 24. Insofar as this is a new legal argument, claiming the Agency acted arbitrarily and capriciously, it is insufficiently pleaded. Fed. R. Civ. P. 8(a); *see Broadlands*, 713 F.3d at 184. Insofar as this is not a new legal claim, it is irrelevant to Plaintiff's claims.

**B. Factual allegations not stated in the Complaint may not be considered here.**

Plaintiff's Opposition draws from sources well beyond the Complaint. The Opposition references factual claims stated in the Agency's Report of Investigation ("ROI"), *see* Dkt. 29 at 6, her Motion for Partial Summary Judgment, *see id.* at 6–7, 28 (citing Dkt. 15-2), and her Statement of Material Facts, *see id.* at 28 (citing Dkt. 15-6). Both the Motion for Partial Summary Judgment and the Statement of Material Facts reference back to facts alleged in the ROI. *See id.* at 30 (Appendix A). Plaintiff alleges that these facts were set out in the Complaint. *Id.* at 6. Insofar as they were not stated in the Complaint, they may not be considered here.

While the Complaint contains some citations to the ROI, factual claims relying on the ROI may not be reviewed when resolving this motion. The ROI was not explicitly incorporated into the Complaint by reference, nor attached to the Complaint as an exhibit; to be considered, then, it must be "integral to the complaint." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). A document quoted in but not attached to a complaint is only "integral" to the complaint if the claims "turn on" or are "based on" statements in the document, and Plaintiff's claims do not rely on the ROI. *Id.* Plaintiff's attempts to amend her Complaint through her Opposition brief should therefore be rejected.

**III. THE FACTS STATED IN PLAINTIFF'S COMPLAINT ARE INSUFFICIENT TO SUPPORT HER CLAIMS.**

All of Plaintiff's claims fail because the Complaint does not plead sufficient facts to ground them. To survive a motion to dismiss, the Complaint must state a claim to relief that is "plausible

on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's claims of disparate treatment, retaliation, hostile work environment, and constructive discharge are not supported by sufficient factual allegations. *See generally* Dkt. 1. As a threshold matter, Plaintiff's claims are time-barred because Plaintiff failed to exhaust her administrative remedies. Additionally, Plaintiff's disparate treatment and retaliation claims fail to plausibly show an adverse employment action or materially adverse action. Finally, Plaintiff fails to allege facts that plausibly state a claim for discrimination, retaliation, or hostile work environment.

**A. Plaintiff's claims are time-barred for failure to exhaust administrative remedies.**

To begin, for any claim of discrimination to be properly exhausted and reviewable in court, the underlying discrete act of discrimination or retaliation must have been brought to the attention of an EEO counselor within 45 days of the action. 29 C.F.R. § 1614.105(a); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). Plaintiff has only pleaded that her hostile work environment claim survives the time-barring of these allegations, not her disparate treatment or retaliation claims. Dkt. 29 at 25–27. As Plaintiff's first EEO contact was not before January 14, 2021, all alleged discrete actions occurring more than 45 days before then may not be considered in resolving Plaintiff's disparate treatment and retaliation claims. *See* Dkt. 26 at 7.

Plaintiff relies on *Guillen v. Esper*, *see* Dkt 29 at 25, but this case supports Defendant. 2020 WL 3965007 (E.D. Va. July 13, 2020). In *Guillen*, Judge Brinkema dismissed a Title VII complaint for failure to state a claim, holding that only those factual allegations considered by the EEO could be considered exhausted; "[t]o the extent plaintiff is arguing that other, earlier discrete incidents are properly before the Court, this argument fails." *Id.* at *9. And Plaintiff has not argued that the EEO process considered her time-barred allegations in resolving her disparate treatment or retaliation claims, but only as part of her hostile work environment claims. *See* Dkt. 29 at 26

("Under Counts I [retaliation] and IV [disparate treatment], [the time-barred allegations] are pleaded as background" rather than as facts which may support her claims). Plaintiff gestures towards additional arguments for extension, waiver, estoppel, and equitable tolling, *see id.* at 25, but these likewise fail as they are insufficiently pleaded, *see* Fed. R. Civ. P. 8(a); *Broadlands*, 713 F.3d at 184.

**B. Plaintiff failed to allege the adverse actions her claims require.**

Next, a plaintiff must allege an adverse employment action to state a disparate treatment claim, *Cosby v. S.C. Prob., Parole & Pardon Servs.*, 93 F.4th 707, 714 (4th Cir. 2024), and a "materially adverse" action to state a retaliation claim, *Laurent-Workman v. Wormuth*, 54 F.4th 201, 213 (4th Cir. 2022). Here, Plaintiff pleaded neither, so these claims fail.

**1. Plaintiff has not alleged any adverse employment action in support of her disparate treatment claim.**

Adverse employment actions must cause "a significant change in employment status." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011); *see* Dkt. 26 at 9-11. Plaintiff relies on *Muldrow v. City of St. Louis, Missouri*, but this case does not save her claims. 601 U.S. 346 (2024). In *Muldrow*, a police officer who transferred from one job to another claimed the transfer was an adverse employment action; the court ruled that any transfer is a significant change in employment status. *Id.* at 355. As Plaintiff was not transferred, *Muldrow* is irrelevant to her claims.[1] Even assuming *Muldrow* allows Plaintiff to state a claim by merely alleging a "change in

[1] Plaintiff cites Defendant's brief in an unrelated case, misconstruing the brief's interpretation of *Muldrow*. *See* Dkt. 29 at 24. But even if *Muldrow* applied to cases not involving transfer, and removed the element of significance entirely from the test of adverse employment action, Plaintiff's claims would still fail because she has not pleaded any change in employment status—no actions that affect "the 'terms or conditions' of [her] employment" were alleged in the Complaint. *Muldrow*, 601 U.S. at 354 (citation omitted) (cleaned up).

employment status" regardless of the change's significance, as Plaintiff seems to argue, her discrimination claim still fails because she has not made such an allegation.

Plaintiff lists as adverse employment actions "the allocation of overtime and of monetary awards"[2] to other employees, discretionary "denial and delay of leave," the creation of an advanced work plan which was never implemented, sending emails about Plaintiff's possible employment termination, and referring Plaintiff for a psychological consultation. Dkt. 29 at 22; *see* Dkt. 1 ¶¶ 32, 34.[3] None of these actions were "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits," *Hoyle*, 650 F.3d at 337 (citation omitted), and thus they did not affect "the 'terms or conditions' of [Plaintiff's] employment," as *Muldrow* requires of a cognizable "Title VII discrimination claim," *Muldrow*, 601 U.S. at 354 (citation omitted) (cleaned up). *See* Dkt. 26 at 10–11. Thus, Plaintiff's disparate treatment claim fails and should be dismissed.

**2. Plaintiff has not alleged any materially adverse action in support of her retaliation claim.**

Materially adverse actions must be more than "minor harms"—they must be the sort of

---

[2] In addition, Plaintiff provides insufficient factual information about the "the allocation of overtime and of monetary awards" to state a claim. Fed. R. Civ. P. 8(a); *see Broadlands*, 713 F.3d at 184.

[3] The Complaint claims that a "compelled EAP examination . . . is itself a cognizable injury and adverse action for EEO purposes," Dkt. 1 ¶ 32 (citing *Stockard v. McHugh*, EEOC Appeal No. 0120100426 (May 19, 2011), *available at* https://www.eeoc.gov/sites/default/files/migrated_files/decisions/0120100426.r.txt), but the EEOC appeal on which Plaintiff relies held "[t]he Commission has drawn a distinction between an Agency's referral of an employee to EAP and an Agency compelling an employee to meet with an EAP counselor," and dismissed the claim of wrongful EAP mental health referral, *Stockard*. While the Complaint alleges Plaintiff was "compell[ed]" to follow through on the referral, she simultaneously acknowledges that this was "a formal Management *Referral*" just like the referral in *Stockard* which was insufficient to state a claim. Dkt. 1 ¶ 32 (emphasis added).

actions which "threaten to chill employees from opposing unlawful discrimination." *Laurent-Workman*, 54 F.4th at 213. Plaintiff lists as materially adverse actions only the creation and entry of a performance timeline and key job expectations, a planned performance improvement plan (PIP) which was not implemented before her voluntary resignation, mismanagement of her EEO proceeding, and other actions taken after her term of employment ended. Dkt. 29 at 12–13. But actions taken after employment ceased cannot threaten to chill employee action, and mere plans to implement a PIP likewise cannot chill employee action unless the PIP is itself implemented. *See* Dkt. 26 at 23. As discussed *infra*, Plaintiff has admitted that mismanagement of her EEO proceeding is not a cognizable claim here. *See id.* at 24–25. And distributing a performance timeline and entering key job expectations into appraisal systems are typical workplace operations and legitimate management tools that likewise cannot chill employees from opposing discrimination; these alleged actions are each nothing more than "minor harms" insufficient to state a claim for retaliation. *See id.* at 23. Thus, Plaintiff's retaliation claim fails and should be dismissed.

**C. Plaintiff's factual allegations are insufficient to support her claims.**

Finally, and most significantly, Plaintiff fails to allege facts that plausibly state a claim for discrimination, retaliation, or hostile work environment. A plaintiff does not need to allege a comparator in order to state a plausible discrimination claim, but if she chooses to do so, she must plead "different treatment from similarly situated employees outside the protected class" to state a disparate treatment claim, *Cosby*, 93 F.4th at 714. In addition, Plaintiff must plead a "causal connection" between her protected activity and her supervisors' alleged retaliation to state a retaliation claim, *Ziskie v. Mineta*, 547 F.3d 220, 229 (4th Cir. 2008), and "sufficiently severe or pervasive" discrimination to state a hostile work environment claim or a constructive discharge

claim, *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Plaintiff has not sufficiently pleaded any of these allegations, but provided only "naked assertions devoid of further factual enhancement" which alone cannot meet the "facial plausibility" standard of review. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Thus, Plaintiff's claims fail.

This Section addresses each claim's critical defects in turn. It begins with Plaintiff's disparate treatment claim, then moves to her retaliation claim, and closes by addressing the hostile work environment and constructive discharge claims.

**1. Plaintiff's disparate treatment claim fails because she has not alleged treatment different from similarly situated comparators**

To start, to the extent Plaintiff's discrimination claim relies on treatment different "from similarly situated employees outside the protected class," *Cosby*, 93 F.4th at 714, those comparators must be similarly situated "in all respects." *Id.* Comparators must therefore "deal[] with the same supervisor, [be] subject to the same standards, and engage[] in the same conduct" as the claimant, without "differentiating or mitigating circumstances." *Id.* (citations omitted). Plaintiff has alleged two comparators: SJ and Huey L. Dkt. 29 at 22–23. Plaintiff alleged SJ "worked in the same unit under the same supervisors," but does not identify whether SJ is subject to the same standards or engaged in the same conduct as she. *Id.* at 22. To stress why this is a problem for Plaintiff, SJ's "equivalent or inferior qualifications" could indicate that SJ was held to lower expectations or standards than those to which Plaintiff was held. *Id.* Even worse for Plaintiff, she never alleged that she sought the same "overtime assignments" or "awards" for which SJ "was favored," to the same extent SJ sought them or even to any extent at all. *Id.* Failing in these ways, Plaintiff cannot show that SJ was similarly situated "in all respects" and her disparate treatment claim falls apart as a consequence.

Plaintiff likewise alleges Huey L. received "overtime" and an "award,"[4] *id.*, but did not identify whether she dealt with the same supervisor, was subject to the same standards, or engaged in the same conduct as Plaintiff. In fact, Huey L. was almost certainly not subject to the same standards as Plaintiff—she was a GS-11, Dkt. 1 ¶ 100, while Plaintiff was likely at a higher grade, as after leaving the Agency she was hired elsewhere in the government at a GS-15 level, *id.* Prayer (b). Plaintiff has therefore not sufficiently alleged either SJ or Huey L. as a similarly situated comparator. As a result, Plaintiff's disparate treatment claim fails as alleged and dismissal is appropriate. *Cosby*, 93 F.4th at 714; *see Guillen*, 2020 WL 3965007 at *11 (Brinkema, J.) (dismissing a discrimination claim because "[t]o the extent plaintiff has provided information about her alleged comparators, that information indicates that those individuals may not in fact have been similarly situated").

**2. Plaintiff's retaliation claim fails because she has not alleged her protected activity motivated her supervisors' actions**

A retaliation claim requires "a causal connection" linking "protected activity" and "adverse action." *Ziskie*, 547 F.3d at 229. To plausibly claim that a supervisor's adverse actions are thus linked, the supervisor must have specific knowledge of the protected activity. *See Seabrook v. Driscoll*, 148 F.4th 264, 273 (4th Cir. 2025) (finding a general allegation of a supervisor's general ongoing awareness of protected activity "insufficient to raise a nonspeculative inference" that the supervisor knew of one instance of such activity). Mere temporal proximity between protected activity and alleged adverse action is insufficient to claim causality without this specific "employer's knowledge." *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001).

---

[4] The Complaint at times refers to another individual (NS) as a third comparator, *see* Dkt. 1 ¶¶ 43, 123, but Plaintiff has made even fewer allegations establishing that NS is similarly situated to Plaintiff than she has made of Huey L.

Here, Plaintiff alleges her "opposition" to "harassment" and "participation in the EEO process" constitute protected activity, Dkt. 29 at 11, but does not allege that any of her supervisors who took allegedly adverse actions had specific knowledge of this protected activity before the end of 2020; Plaintiff only alleges that she reported to "her chain of command," "the Agency's anti-harassment channels," Dkt. 1 ¶ 70, "Human Resources," Dkt. 1 ¶ 6, "Unit front office management," Dkt. 29 at 12, and otherwise unidentified "supervisors," *id.* at 16, not to any named or identified individuals. Plaintiff meanwhile acknowledges that her supervisors had a "pre-determined plan to terminate her employment beginning no later than August 17, 2020," Dkt. 1 ¶ 35, long before she names and identifies any supervisor having specific knowledge of her protected activity, *see* Dkt. 26 at 25–26. This defeats causality entirely, because "[e]mployers need not suspend previously planned" employment actions if they later learn of protected activity, and their "proceeding" thereafter according to pre-established plans cannot be considered "evidence whatever of causality." *Breeden*, 532 U.S. at 272.

Plaintiff thus has alleged no adverse actions in this case that are causally connected to her protected activity. First, any allegedly adverse actions committed *before* any particular individual was alleged to have specific knowledge of Plaintiff's protected activity cannot be causally connected thereto. And second, any allegedly adverse actions committed after Plaintiff's supervisors had specific knowledge of her protected activity—provided they constituted part of a pre-established plan of employment action—cannot establish causality. As a result, Plaintiff's retaliation claim fails and should be dismissed.

**3. Plaintiff has not alleged severe and pervasive discrimination sufficient to plead her hostile work environment claim.**

A hostile work environment claim requires hostile conduct "sufficiently severe or

pervasive to alter the conditions of . . . employment." *Harris*, 510 U.S. at 21. This is determined by considering the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 23. "[I]solated incidents (unless extremely serious)," "offhand comments," "simple teasing," the "sporadic use of abusive language" or "[protected class]-related jokes," and other "ordinary tribulations of the workplace" are insufficient, *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted), as are "rude treatment," "callous behavior by one's superiors," "routine difference[s] of opinion," and "personality conflict[s] with one's supervisor," *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315–16 (4th Cir. 2008) (citations omitted).

Here, Plaintiff has alleged many acts she perceived as hostile, but none rise to the "high bar" necessary to state a hostile work environment claim. *Id.* at 315. Many of the acts Plaintiff alleges as hostile conduct were in fact nonissues. She was shown an advanced work plan and told she may be put on a performance improvement plan (and a supervisor was eventually told the PIP could be triggered "now"), Dkt. 29 at 18, but throughout Plaintiff's time at the Agency neither of these were applied to her, *see* Dkt. 26 at 23 & n.5. She claims she was sent to compulsory psychological evaluation, Dkt. 29 at 18, but she concedes this was a mere referral, *see infra*. She claims she received "differential treatment" from comparators, Dkt. 1 ¶ 98(c), but this cannot be upheld as the Complaint fails to state a claim for disparate treatment, *see infra*.

Other acts Plaintiff alleges as hostile conduct were, perhaps, "rude treatment" or "personality conflicts" with Huey L., *E.E.O.C.*, 521 F.3d at 315–16, but nothing more than a few isolated incidents over the span of multiple years, which would constitute the "ordinary tribulations of the workplace," *Faragher*, 524 U.S. at 788. She claims Huey L. sent her a text message "Don't

get yourself hurt," which she took as threatening. Dkt. 29 at 18. She claims Huey L. disrupted her class on December 10, 2020 "in the presence of students," Dkt. 1 ¶ 98(h), by appearing as a substitute instructor in her absence and dismissing the students early, Dkt. 1 ¶ 29. She claims Huey L. produced a false report (a meeting attendance and absence recap) which was incorrect because she was unaware that Plaintiff was on approved leave for some of the periods of time in the report. Dkt. 1 ¶ 100. But none of these are more than "isolated incidents," and together they remain insufficiently severe or pervasive to constitute a hostile work environment. *Faragher*, 524 U.S. at 786, 788 (citation omitted).

Moreover, many of the acts Plaintiff alleges as hostile conduct are facially merely the "ordinary tribulations of the workplace." *Id.* at 788. She claims a supervisor distributed a "performance timeline," Dkt. 29 at 18, and calls this "retaliatory," Dkt. 1 ¶ 76, but does not allege that the timeline was incorrect, untrue, or unnecessary. Moreover, performance reports are a typical part of every workplace. Plaintiff claims the same supervisor sent an email to management asking for advice about "termination," *id.* ¶ 32, calling the email "advocacy" for her termination from her job with the Agency. *Id.* ¶ 98(k). However, it is common for management to consider such actions and discuss them with leadership, even merely as hypotheticals or possibilities, most often well in advance of taking any such action. She goes on to claim there was "surveillance outside her workplace" on January 22, 2021, Dkt. 29 at 18, but does not allege that surveillance is uncommon or out of place in a CIA facility. Plaintiff also claims she was reassigned "an approved [work] assignment," *id.*, but reassignments are common in any workplace. Lastly, she claims she "carried the unit's heaviest load," and was denied medical leave and official time for her EEO activities. *Id.* However, having a heavy workload and being denied time away from work are certainly among the "ordinary tribulations of the workplace." *Faragher*, 524 U.S. at 788.

Some of the acts Plaintiff claims as hostile were part of the EEO proceeding, not her employment. She claims her supervisors had ex parte communications with an adjudicator, Dkt. 29 at 18, but does not clarify the nature of that communication, when or where it may have happened, or whether or why such communication was improper. She claims the Agency abbreviated its identifications of her "protected bases" of national origin and race, Dkt. 1 ¶ 44, but does not allege how the Agency's EEO proceeding documents or conduct altered the conditions of her employment.[5] Regardless, because the EEO proceeding is not Plaintiff's work environment, claims therefrom should not be considered relevant to a hostile work environment claim.

Even the acts Plaintiff alleges are more severe than the rest were nothing more than "ordinary tribulations of the workplace," "isolated incidents," *Faragher*, 524 U.S. at 788, or perhaps "callous behavior," *E.E.O.C.*, 521 F.3d at 315–16, which do not rise to the level of a hostile work environment. She claims a supervisor flagged her EEO disclosures to security, Dkt. 29 at 18, and another supervisor labeled her as "Fukian" rather than as "Taiwanese of Hoklo ancestry," Dkt. 1 ¶ 98(a). However, these events are still not "sufficiently severe or pervasive to alter the conditions of . . . employment." *Harris*, 510 U.S. at 21.

Plaintiff's allegations, considered both individually and *in toto*, are little more than the "ordinary tribulations of the workplace," and certainly fall short of being "so severe or pervasive as to alter the conditions of . . . employment and create an abusive working environment." *Faragher*, 524 U.S. at 786, 788 (citation omitted). The Fourth Circuit routinely dismisses hostile work environment claims based on allegations of far more serious and pervasive hostile acts than

[5] Plaintiff also emphasizes in her Opposition that "the sworn statements of five supervisors and coworkers describing her as 'simply 'Chinese'' or as part of the 'Chinese team'" constitute evidence of discrimination based on race or national origin. *See* Dkt. 29 at 19 (citing Compl. para. 101). However, this fact tends to undermine any claim that Plaintiff was discriminated against because she was Taiwanese and/or of Hoklo ancestry. *See, e.g.*, Compl. paras. 18-19.

Plaintiff's allegations here. *See* Dkt. 26 at 17–18 (collecting cases). Thus, Plaintiff's hostile work environment claim fails and should be dismissed.

**4. Plaintiff has not stated a claim for constructive discharge.**

Finally, a constructive discharge clam requires "a further showing" beyond that sufficient to state a claim for hostile work environment. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 134 (2004). Because Plaintiff's allegations here are insufficient to state a claim for a hostile work environment, a further showing is logically impossible. Thus, Plaintiff's constructive discharge claim fails and should be dismissed.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendant's opening memorandum, the Court should dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

Dated: November 4, 2026

Respectfully submitted,

TODD BLANCHE
ACTING ATTORNEY GENERAL

THEOPHANI K. STAMOS
FIRST ASSISTANT
UNITED STATES ATTORNEY

*By:* /s/

ELIZABETH B. WEISEL
ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3785
Fax: (703) 299-3983
Email: lizzie.spavins@usdoj.gov
Elizabeth.Weisel@usdoj.gov

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on this date, November 4, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I caused a copy of the foregoing to be mailed via first-class mail to *pro se* Plaintiff at the following address:

**Ann D. Yang, Ph.D.**
10449 White Granite Drive, Unit 37
Oakton, VA 22124
PRO SE

/s/
ELIZABETH B. WEISEL
ELIZABETH A. SPAVINS
Assistant United States Attorney
Office of the United States Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Tel: (703) 299-3785
Fax: (703) 299-3983
Email: lizzie.spavins@usdoj.gov
Elizabeth.Weisel@usdoj.gov
*Counsel for Defendant*