FILED
11/5/2026
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**PLAINTIFF'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANT'S REPLY (DKT. 33)**

Plaintiff moves for leave to file the surreply attached as Exhibit 1. Local Civil Rule 7(F)(1) provides for an opening brief, a response, and a reply; "[n]o further briefs or written communications may be filed without first obtaining leave of Court." Leave is within the Court's discretion. The question is whether the reply "raised any new issues" that the memorandum did not. *Nelson v. Signal Advisors, Inc.*, No. 1:24-cv-2322, Dkt. 27 at 1 (E.D. Va. July 2, 2025) (Nachmanoff, J.). Defendant's reply (Dkt. 33) does, in three ways.

1. **The reply raises three kinds of new matter.**

(a) Assertions of fact that appear nowhere in the Complaint or its exhibits. The reply asserts that Plaintiff "was likely at a higher grade" than her comparator, because of a position she took after leaving the Agency. It asserts that surveillance is not "uncommon or out of place in a CIA facility." It asserts that it is "common for management" to discuss an employee's termination "even merely as hypotheticals," and that "reassignments are common in any workplace." Dkt. 33 at 9, 12. The Complaint pleads none of these. No declaration or exhibit accompanies the reply.

(b) A position the Motion did not take, on an authority the Motion did not cite. The Motion did not mention the Agency's Report of Investigation. The reply asserts that

the Report's pages cited in the Complaint "may not be reviewed when resolving this motion" because the Report is not "integral." Dkt. 33 at 2–3. For that it cites *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) — a standing decision the Motion did not cite — rather than the standard this Court applies to documents on a Rule 12(b)(6) motion, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Complaint cites those pages by number (¶¶ 27, 39, 41, 57, 72(f), 74, 119) and pleads that all counts rest on that record (¶ 57).

(c) Statements about the opposition and the Complaint that neither document makes. The reply asserts that Plaintiff "lists as materially adverse actions only" four items, citing Dkt. 29 at 12–13. Those pages list five more, by paragraph. The reply asserts that Plaintiff alleges no supervisor with knowledge of her protected activity before 2021, and that she reported only to unnamed "Unit front office management," citing Dkt. 29 at 12. The sentence cited quotes ¶ 79, which begins "May F. disclosed." The reply asserts that Plaintiff "concedes" the psychological referral "was a mere referral." Paragraph 32 pleads a referral "compelling" her to attend. Dkt. 33 at 7, 10, 11 & n.3.

2. **The surreply is confined to that matter.** The surreply (Exhibit 1) addresses those matters only, is five pages, and asks nothing else. Plaintiff does not re-argue the Motion. It is fully briefed on Defendant's memorandum (Dkt. 26), Plaintiff's opposition (Dkt. 29), and Defendant's reply (Dkt. 33).

3. **The standard is met.** A surreply is not available "simply because the movant used their reply brief to further support an argument made in their opening brief or to respond to new arguments in the opposing party's opposition." *Adams v. Applied Bus. Servs.*, 2019 WL 7817080,

at *1 (E.D. Va. Aug. 30, 2019) (cleaned up), as quoted in *Brown v. Haines*, No. 1:23-cv-221, Dkt. 41 at 2 n.1 (E.D. Va. Mar. 27, 2024); see *United States ex rel. Carter v. Halliburton Co.*, 2011 WL 6178878, at *12 (E.D. Va. Dec. 12, 2011) (rev'd on other grounds). It is for matter the reply raises that the opposing party has had no opportunity to address. This Court granted leave where a reply first cited three decisions and the sur-reply was confined to them. *Comans v. Exec. Office of the President*, No. 1:25-cv-1237, Dkt. 42 at 11 (E.D. Va. Apr. 15, 2026) (Nachmanoff, J.); see id., Dkt. 32 at 2. Each item in paragraph 1 is of that kind: a fact, a position, or a statement that appears for the first time in the reply.

4. Plaintiff waives oral argument and submits this motion on the papers (Local Civil Rules 7(E), 7(J); Fed. R. Civ. P. 78(b)); a Notice of Waiver of Oral Argument and a proposed order accompany the motion.

Respectfully submitted,

Ann D. Yang, Ph.D., Plaintiff, Pro Se
10449 White Granite Drive #37, Oakton, VA 22124
Tel: (703) 755-0206 · Email: anneyang.va@gmail.com
Dated: November 5, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**LOCAL RULE 83.1(N) CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of, the documents filed with this submission: this Motion for Leave to File a Surreply to Defendant's Reply (Dkt. 33), with its Notice of Waiver of Oral Argument, Exhibit 1 (the proposed surreply), [Proposed] Order, and Certificate of Service.

Ann D. Yang, Ph.D.
Name of Pro Se Party (Print or Type)

Ann Yang
Signature of Pro Se Party

Executed on: November 5, 2026 (Date)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**CERTIFICATE OF SERVICE**

I certify that on November 5, 2026, a true copy of Plaintiff's Motion for Leave to File a Surreply to Defendant's Reply (Dkt. 33), together with its Notice of Waiver of Oral Argument, Exhibit 1 (the proposed surreply), and the accompanying [Proposed] Order will be served by certified mail, postage prepaid, on counsel of record for Defendant:

Elizabeth A. Spavins, Assistant United States Attorney
Office of the United States Attorney
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, VA 22314

Ann D. Yang, Ph.D., Plaintiff, Pro Se