IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**EXHIBIT 1**

to Plaintiff's Motion for Leave to File a Surreply to Defendant's Reply (Dkt. 33)

Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss (Dkt. 25) — the proposed surreply, five pages, with its Local Civil Rule 83.1(N) certification. It is submitted with the motion and is to be deemed filed if leave is granted.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS (DKT. 25)**

Plaintiff files this surreply by leave of Court. It is confined to the matters the reply (Dkt. 33) raises for the first time. The Motion to Dismiss (Dkt. 25) should be denied for the reasons stated in the opposition (Dkt. 29). The reply's remaining arguments restate the Motion. The opposition answers them at the pages they concern (the time-bar argument, for example, at Dkt. 29 at 25–27, which the reply quotes, Dkt. 33 at 4–5).

1. **The ROI pages the Complaint cites are integral to it, and the Motion never said otherwise.** The reply argues, for the first time, that the pages of the Agency's Report of Investigation ("ROI") cited in the Complaint "may not be reviewed when resolving this motion," because the ROI is not "integral" and "Plaintiff's claims do not rely on the ROI." Dkt. 33 at 3. On a Rule 12(b)(6) motion this Court "may consider matters of public record, documents attached to the complaint, and documents attached to the motion that are 'integral to the complaint and authentic.'" *Aboulhosn v. City of Manassas*, No. 1:25-cv-610, Dkt. 14 at 4 (E.D. Va. July 7, 2025) (Nachmanoff, J.) (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). The Complaint cites the ROI by page (¶¶ 27, 39, 41, 57, 72(f), 74, 119) and pleads that "[a]ll Counts rest on evidence already produced in the unclassified administrative record" (¶ 57); the investigator's "Per Se Violation"

finding (¶ 27; ROI 52) is pleaded as the mechanism by which Count I's retaliation reached the decision-maker (Dkt. 29 at 14). The ROI is the Agency's own document; the reply does not dispute its authenticity; the cited pages are on the docket (Dkt. 15-2). This Court has treated an EEOC charge the defendant attached to its motion, of undisputed authenticity, as integral to a pro se complaint, *Aboulhosn*, Dkt. 14 at 5 n.2. *Broadlands* (Dkt. 33 at 2–3) concerned a factual allegation first offered in appellate briefing on a standing dismissal, 713 F.3d at 184, not a document a complaint cites by page. If the Court sets any ROI page aside, the Complaint's allegations stand on their own (Dkt. 29 at 6–10). Plaintiff does not ask for conversion under Rule 12(d).

2. **The Complaint names the supervisor who knew, and the reply quotes the sentence that names her.** The reply says Plaintiff "does not allege that any of her supervisors who took allegedly adverse actions had specific knowledge of this protected activity before the end of 2020," and reported only to unnamed "Unit front office management." Dkt. 33 at 10 (citing Dkt. 29 at 12). The sentence cited is a quotation of ¶ 79: "on February 13, 2020 May F. disclosed Plaintiff's protected EEO activity to the Unit front office management." May F. is the supervisor who, on August 17, 2020, requested "termination of [Plaintiff's] employment" in writing (¶¶ 32, 109(a)). That e-mail is the one the reply treats as the start of a "pre-determined plan" predating any official's knowledge. Dkt. 33 at 10 (citing ¶ 35; *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 272 (2001)). The Complaint pleads the discloser's knowledge in her own act, six months before the plan, and names the recipients, the dates, and each recipient's next act (¶¶ 6, 23, 28, 32, 34, 70, 76, 79). *Seabrook* requires knowledge by the decision-maker; a complaint that names the official, the date, and what the official did next pleads it. *Strothers v. City of Laurel*, 895 F.3d 317, 335–36 (4th Cir. 2018). The 2020 events are pleaded as knowledge and as background to the timely acts of 2021, which *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), permits.

3. **The reply's list of four adverse actions omits five that the opposition pleads.** The reply says Plaintiff "lists as materially adverse actions only the creation and entry of a performance timeline and key job expectations, a planned performance improvement plan (PIP) which was not implemented before her voluntary resignation, mismanagement of her EEO proceeding, and other actions taken after her term of employment ended." Dkt. 33 at 7 (citing Dkt. 29 at 12–13). Those pages also list the consequences Agency policy attaches to a PIP (¶ 36); twenty-one ex parte e-mails to the official adjudicating her performance rebuttal (¶¶ 72(b), 74); the denial of all official time for EEO preparation in 2021 (¶ 75); medical leave denied and delayed (¶¶ 38, 80); and the dissemination of her EEO complaint outside her chain of command and to Security (¶¶ 23, 72(a)). The reply does not address them. Footnote 2 says the overtime and award allegations lack "factual information." The paragraphs the opposition cites supply it: the comparator by name and basis (¶¶ 39, 119), the December 2020 team award and its monetary character (¶¶ 43, 123), and four consecutive rotations with overtime denied (¶ 98(m)).

4. **The Complaint pleads a compelled EAP meeting, which the reply's own authority treats as injury.** The reply says Plaintiff "concedes" the psychological referral "was a mere referral." Dkt. 33 at 11; id. at 6 n.3. The Complaint pleads that on September 4, 2020 "management issued a formal Management Referral compelling Plaintiff to 'meet and cooperate with the assigned EAP counselor' for a 'psychological consultation,' demanded that Plaintiff sign a medical-records release on the spot, and followed up on compliance no fewer than five times" (¶ 32). The reply's quotation of *Stockard* draws the line between "an Agency's referral of an employee to EAP and an Agency compelling an employee to meet with an EAP counselor." Dkt. 33 at 6 n.3. The document in *Stockard* was "simply a referral" ("should you choose to accept the services"), and the Commission contrasted the case in which it found injury "where Agency

compelled employee to meet with an EAP counselor." *Stockard v. McHugh*, EEOC Appeal No. 0120100426 (May 19, 2011) (citing *Womack v. U.S. Postal Serv.*, EEOC Appeal No. 01976042 (May 13, 1998)). Paragraph 32 pleads the latter, in those words; no concession appears in the Complaint or the opposition.

5. **Counsel's statements of workplace norms are not facts on this motion.** The reply states four facts of its own. Surveillance, it says, is not "uncommon or out of place in a CIA facility." It is "common for management" to discuss an employee's termination "as hypotheticals or possibilities." "[R]eassignments are common in any workplace." And Plaintiff "was likely at a higher grade" than her comparator, because of a position she took after leaving the Agency. Dkt. 33 at 9, 12. None of these is in the Complaint or its exhibits. "[S]tatements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 449 (4th Cir. 2011), quoted in *Broadlands*, 713 F.3d at 184. The Complaint pleads otherwise: the surveillance as the Agency's act on the day of her informal complaint (¶¶ 29, 34, 76, 98(e)); the August 17, 2020 e-mail, with its content (¶ 32); the reversal of an approved assignment (¶ 33); and the comparators as employees of the same unit under the same supervisors and standards (¶¶ 39, 119). It does not plead her grade. The Court takes the Complaint's allegations as true and does not resolve contests of fact. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016).

6. **The adverse-action standard is *Muldrow*'s, and the Complaint meets it.** The reply says *Muldrow* "ruled that any transfer is a significant change in employment status" and "is irrelevant" because Plaintiff was not transferred. Dkt. 33 at 5. *Muldrow* held that a Title VII plaintiff must show "some harm respecting an identifiable term or condition of employment," and

that the harm need not be "significant." 601 U.S. 346, 354–55 (2024). The Fourth Circuit has applied that holding beyond transfers and held its own prior standard abrogated, *Herkert v. Bisignano*, 151 F.4th 157, 164 (4th Cir. 2025), which the reply does not cite. Footnote 1 states the test in the alternative — "even if *Muldrow* applied to cases not involving transfer, and removed the element of significance entirely" — and asserts that no action affecting the terms or conditions of employment was alleged. Dkt. 33 at 5 n.1. The Complaint pleads the allocation of overtime and of monetary awards (¶¶ 39, 43, 98(m), 119), the denial and delay of leave (¶¶ 38, 80), the denial of official time (¶ 75), and performance instruments with the consequences Agency policy attaches to them (¶¶ 34, 36). Each is a term or condition of employment (Dkt. 29 at 21–24).

Plaintiff does not answer the reply's characterizations of her, her filings, or the Complaint. The Court "must accept as true all of the factual allegations contained in the complaint" and "draw all reasonable inferences in favor of the plaintiff," *E.I. du Pont*, 637 F.3d at 440, and a pro se complaint is liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

For these reasons and those stated in Dkt. 29, the Motion to Dismiss should be denied.

Respectfully submitted,

Ann D. Yang, Ph.D., Plaintiff, Pro Se
10449 White Granite Drive #37, Oakton, VA 22124
Tel: (703) 755-0206 · Email: anneyang.va@gmail.com
Dated: November 5, 2026

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

ANN D. YANG, Ph.D.,
Plaintiff,

v. Civil Action No. 1:26-cv-01954-MSN-WEF

JOHN RATCLIFFE, Director of the Central Intelligence Agency,
Defendant.

**LOCAL RULE 83.1(N) CERTIFICATION**

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of, this document (Plaintiff's Surreply in Opposition to Defendant's Motion to Dismiss (Dkt. 25)).

Ann D. Yang, Ph.D.
Name of Pro Se Party (Print or Type)

Ann Yang
Signature of Pro Se Party

Executed on: November 5, 2026 (Date)